IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIREESE LEWIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 07-cv-1974 |
| ) | |
| COMFORT INN—PHILADELPHIA ) | |
| AIRPORT, et al., ) | FILED |
| ) | |
| Defendants. ) | JUN 2 9 2007 |

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                                                    **June 28, 2007**

Plaintiffs filed the instant action in the Philadelphia Court of Common Pleas alleging that they were injured by bed bugs while guests at Defendants' hotel. Defendants Ruchi Enterprises, LLC and Terupati LLC filed a Notice of Removal[1] based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and Plaintiffs now move to remand the case to the Court of Common Pleas.[2] For the reasons that follow, the Court will grant Plaintiffs' Motion to Remand.

**I.     FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs were guests at Defendants' Comfort Inn Hotel at Philadelphia International Airport from September 1, 2006, to September 3, 2006.[3] While laying in bed, Plaintiffs sustained injuries to the head, body, and extremities as a result of bed-bug bites.[4]

---

[1] Doc. No. 1.

[2] Doc. No. 5.

[3] Compl. ¶ 7.

[4] Id. ¶¶ 10, 16.

Plaintiffs filed suit in the Philadelphia Court of Common Pleas alleging one count for Comfort Inn's negligence in maintaining and inspecting Plaintiffs' guest room, two counts for loss of consortium, and one count for punitive damages. Defendants Ruchi Enterprises and Terupati filed a Notice of Removal, and Plaintiffs subsequently moved to remand the case to the Court of Common Pleas. Plaintiffs allege that the parties are not diverse, and that Defendants did not unanimously consent to the Notice of Removal.

## II.    DISCUSSION

Removal of actions from state to federal court is governed in part by 28 U.S.C. § 1441 and § 1446. Removal is appropriate when a federal court has original jurisdiction over a plaintiff's claim,[5] and the notice of removal is filed within 30 days from the date on which a defendant receives a copy of the state-court complaint.[6] Under the rule of unanimity, in order for a notice of removal to be properly before a district court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or consent to the removal.[7]

A federal court has original jurisdiction over an action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are diverse in citizenship.[8] Here, neither party disputes that the amount in controversy exceeds $75,000, and Plaintiffs challenge only the parties' diversity of citizenship. Upon review of the record, the Court

---

[5] 28 U.S.C. § 1441(a).

[6] Id. § 1446(b).

[7] Carter v. Ingersoll-Rand Co., Inc., No. 00-cv-6438, 2001 WL 238540, at *1 (E.D. Pa. Mar. 12, 2001); McManus v. Glassman's Wynnefield, Inc., 710 F. Supp. 1043, 1045 (E.D. Pa. 1989).

[8] See 28 U.S.C. § 1332(a)(1).

finds that Plaintiffs are citizens of Virginia, that Defendants Terupati LLC d/b/a Comfort Inn-Philadelphia Airport and Ruchi Enterprises, LLC are New Jersey corporations both with a principal place of business in New Jersey, and that Defendant Choice Hotels International, Inc. is a Maryland corporation with its principal place of business in Maryland.[9] Accordingly, the parties are diverse.

Plaintiffs further aver that Defendants failed to comply with the unanimity requirement in filing a notice of removal because Choice Hotels did not join or consent to Defendants Ruchi Enterprises' and Terupati's May 15, 2007 Notice of Removal. The Court attaches hereto as Exhibit A a true and correct copy of the state-court docket in this matter. The docket reflects that Defendant Choice Hotels was served by certified mail on May 4, 2007. Because service was effected by mail, and because 30 days from May 4 falls on a weekend, Choice Hotels had until June 7, 2007, to consent to removal.[10] Not until June 18, 2007, however, did Defendants Ruchi and Terupati provide the Court with any information that Choice Hotels consented to removal.[11] Moreover, Choice Hotels has provided this Court with no independent stipulation or communication verifying their consent to removal, and has not even entered an appearance before this Court. Accordingly, Defendants have failed to consent to removal within the 30-day period. Although § 1446(b)'s 30-day requirement is not jurisdictional, "the time limitation is mandatory and must be strictly construed."[12] "There is nothing in the removal statute that suggests that a district court has

---

[9] See Resp. of Defs. Ruchi Enter. to Pls.' Mot. to Remand [Doc. No. 7] ¶¶ 4, 7; Compl. [Doc. No. 1, Ex. A] ¶¶ 1, 2.

[10] See Fed. R. Civ. P. 6(a), (e).

[11] See Resp. of Defs. Ruchi Enter. to Pls.' Mot. to Remand [Doc. No. 7] ¶ 6.

[12] McManus, 710 F. Supp. at 1045 (citing Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1447 (N.D. Ill. 1987)).

'discretion' to overlook or excuse prescribed procedures. Removal is a purely statutory right, and . . . removal statutes are to be strictly construed in favor of state court jurisdiction."[13] Accordingly, because Defendants failed to comply with the unanimity requirement within the 30-day period, the Court herein grants Plaintiffs' Motion to Remand, and this matter shall be remanded to the Philadelphia Court of Common Pleas.

An appropriate Order follows.

---

[13] Januszka v. Kemper Ins. Co., No. 94-cv-2242, 1994 WL 236463, at *3 (E.D. Pa. May 26, 1994) (internal citations omitted).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIREESE LEWIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 07-cv-1974 |
| ) | |
| COMFORT INN—PHILADELPHIA ) | |
| AIRPORT, et al., ) | |
| ) | FILED |
| Defendants. ) | JUN 2 9 2007 |

**ORDER**

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**AND NOW**, this 28th day of June 2007, upon consideration of Plaintiffs' Motion to Remand [Document No. 5], Defendants' Response [Document No. 7], and Plaintiffs' Reply [Document No. 8] thereto, it is hereby

**ORDERED** that Plaintiff's Motion is **GRANTED** and this case shall be **REMANDED** to the Philadelphia Court of Common Pleas.

The Clerk of Court shall mark this case **CLOSED**.

It is so **ORDERED**.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

# EXHIBIT A

# Civil Docket Report

## Case Description

| | |
|---|---|
| Case ID: | 070403996 |
| Case Caption: | LEWIS ETAL VS COMFORT INN PHILA AIRPORT ETAL |
| Filing Date: | Wednesday, May 02nd, 2007 |
| Court: | MN - MAJOR NON JURY |
| Location: | CH - City Hall |
| Jury: | N - NON JURY |
| Case Type: | 2O - PERSONAL INJURY - OTHER |
| Status: | RMEDC - NOT OF REMOVAL TO US DIST CT |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A2116 | METZGER, LAWRENCE G |
| **Address:** TWO PENN CENTER, STE.1204<br><br>15TH ST. AND JFK BLVD.<br>PHILADELPHIA PA 19102<br>(000)567-6616 | | | **Aliases:** none | | |
| 2 | 1 | | PLAINTIFF | @5746846 | LEWIS, TIREESE |
| **Address:** 1224 WYCLIFF COURT<br>RICHMOND VA 23236 | | | **Aliases:** none | | |

| 3 | 1 | | PLAINTIFF | @5746847 | LEWIS, PENNEY |
|---|---|---|---|---|---|
| **Address:** | 1224 WYCLIFF COURT RICHMOND VA 23236 | | **Aliases:** | none | |
| | | | | | |
| 4 | | | DEFENDANT | @5746848 | COMFORT INN-PHILA AIRPORT |
| **Address:** | 53 INDUSTRIAL HWY ESSINGTON PA 19029 | | **Aliases:** | none | |
| | | | | | |
| 5 | | | DEFENDANT | @5746850 | TERUPATI LLC |
| **Address:** | 5 N POTTSTOWN PIKE EXTON PA 19341 | | **Aliases:** | COMFORT INN-PHILA AIRPORT | |
| | | | | | |
| 6 | | | DEFENDANT | @5746851 | RUCHI ENTERPRISES |
| **Address:** | 1000 LAUREL OAK RD VOORHEES NJ 08043 | | **Aliases:** | none | |
| | | | | | |
| 7 | | | DEFENDANT | @5746852 | CHOICE HOTELS INTERNATIONAL INC |
| **Address:** | 10750 COLUMBIA PIKE SILVER SPRING MD 20901 | | **Aliases:** | COMFORT INN-PHILA AIRPORT | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 02-MAY-2007 09:33 AM | CIVIL - COMMENCEMENT OF CIVIL ACTION | METZGER, LAWRENCE G | |
| **Docket Entry:** | none. | | |

| | | | |
|---|---|---|---|
| 02-MAY-2007 09:33 AM | SSCG4 - SHERIFF'S SURCHARGE 4 DEFTS | METZGER, LAWRENCE G | |
| **Docket Entry:** | none. | | |
| 02-MAY-2007 09:33 AM | CLWST - WAITING TO LIST STATUS CONF | | |
| **Docket Entry:** | none. | | |
| 02-MAY-2007 09:33 AM | CMPLT - COMPLAINT FILED NOTICE GIVEN | METZGER, LAWRENCE G | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED.DISCOVERY DEADLINE 1/7/08 | | |
| 02-MAY-2007 01:27 PM | ACTIV - ACTIVE CASE | | |
| **Docket Entry:** | none. | | |
| 07-MAY-2007 02:37 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | | |
| **Docket Entry:** | OF COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON RUCHI ENTERPRISES ON 05/03/2007. | | |
| 09-MAY-2007 11:47 AM | AFDVT - AFFIDAVIT OF SERVICE FILED | | |
| **Docket Entry:** | OF COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED UPON DEFENDANT CHOICE HOTELS INTERNATIONAL INC ON 5-4-07. | | |
| 16-MAY-2007 12:29 PM | SHSRV - SHERIFF'S SERVICE | | |
| **Docket Entry:** | DEPUTIZED SERVICE OF COMPLAINT UPON DEFENDANT TERUPAI LLC D/B/A COMFORT INN BY SHERIFF OF CHESTER COUNTY ON 5-4-07. | | |

| 16-MAY-2007 03:16 PM | RMEDC - NOT OF REMOVAL TO US DIST CT | COMFORT INN- PHILA AIRPORT, | |
|---|---|---|---|
| **Docket Entry:** | NOTICE OF REMOVAL TO THE U.S. (EASTERN) DISTRICT COURT UNDER 07-CV-1974 FILED.J.M. | | |